# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA STOCK,<br><br>            Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY, et al.,<br><br>            Defendants. | CASE NO. 1:19-cv-01598-LJO-SKO<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I.  INTRODUCTION

On November 8, 2019, Plaintiff Lisa Stock, proceeding *pro se*, filed a civil complaint against Defendants Stanislaus County; Stanislaus County Community Services Agency; Stanislaus County Behavioral Health & Recovery Services; Kathryn Harwell, "Director," in her individual and official capacities; Laura Rodriguez, "Social Worker IV," in her individual and official capacities; Kimberly Rodriguez, "Social Worker V," in her individual and official capacities; Marina Wilbur, "Social Worker II," in her individual and official capacities; Phillip Ballasch, "SUD Counselor," in his

1 | individual and official capacities; Melissa Maddox, "Social Worker," in her individual and official
2 | capacities; and "DOES 9 thru 100." (Doc. 1.) Plaintiff purports to allege causes of action under 42
3 | U.S.C. § 1983 for violations of her due process rights, namely, violation of her "right to familial
4 | association," violation of her right to be "free from acts of dishonesty in juvenile court proceedings,"
5 | "perjury," "fabrication of evidence," and "suppression of exculpatory evidence," and for state law
6 | claims of "slander" and "libel." (*Id.* at 4.) Plaintiff seeks general and punitive damages of $750,000
7 | for "loss of companionship, depression, anxiety," and "time with [her] daughter [she] will never get
8 | back." (*Id.* at 6.)

Plaintiff's complaint is now before the Court for screening. The Court finds Plaintiff has not stated a cognizable claim, but may be able to correct the deficiencies in her pleading. Thus, Plaintiff is provided the pleading and legal standards for her claims and is granted leave to file an amended complaint.

### A. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B.     Pleading Requirements**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff alleges that on November 9, 2017, at approximately 12:00 a.m., Defendant Laura Rodriguez "dumped" her teenage daughter Lillian "off at a homeless shelter" in Modesto, California, and "allowed the homeless shelter to confiscate" the daughter's phone. (Doc. 1 at 10.) At approximately 8:30 a.m. that day, "after allegedly ringing [Plaintiff's] front doorbell, while [Plaintiff's] daughter was at the homeless shelter," Defendant Laura Rodriguez "placed [Plaintiff's] daughter into protective custody without a warrant," and "without an emergency[.]" (*Id.*) At 8:36 a.m., Defendant Laura Rodriguez left a voicemail on Plaintiff's phone requesting that Plaintiff call her back to "discuss what happened last night between [Plaintiff] and her daughter." (*Id.*) At 2:30 p.m., Defendant Laura Rodriguez stated to Plaintiff that "[Plaintiff] wanted to leave [her] daughter in the backyard" and gave Plaintiff an address for a court hearing on November 15, 2017. (*Id.*) On November 12, 2017, Plaintiff emailed Defendant Laura Rodriguez to refute her allegations that Plaintiff wanted to keep her daughter in the backyard, but she ignored the emails. (*Id.*)

On November 15, 2017, Plaintiff went to court and received a "Juvenile Dependency Petition and Detention report," which contained "shocking . . . fabricated evidence" and was "perjured." (*Id.* at 11.) The report allegedly "perjuriously" stated that Plaintiff's daughter "ran away" and when the police brought her home to Plaintiff's house, they found Plaintiff had "been drinking heavily," "locked herself in her room, and refused to talk to the police." (*Id.*) Plaintiff claims these events were "conjured up and fabricated by" Defendants Laura Rodriguez and Kimberly Rodriguez. (*See id.*) Plaintiff alleges the report further falsely stated that Defendant Stanislaus County Community Services agency had a "concern" that Plaintiff "had an alcohol abuse problem," and that "[t]hey" never notified Plaintiff "of their false concern" that she had an alcohol abuse problem. (*Id.*) Plaintiff alleges that at court on November 15, 2017, she "denied the allegations and the court based off of the lies of the social workers." (*See id.*) Plaintiff alleges that she repeatedly tried to schedule visitations with her daughter, but in court paperwork "they" stated that Plaintiff "failed to schedule any visitations with [her] daughter." (*See id.* at 11–12.)

On November 16, 2017, Plaintiff went to the "Community Services Agency, where the social workers were located," "with the yellow referral that [Plaintiff] was given in the court," to "clear up the false 'concern' that [she] had an alcohol abuse problem," when Defendant Wilbur "came running out to the waiting area and asked [Plaintiff] to fill out a family questionnaire." (*Id.* at 12.) Defendant Ballasch later called Plaintiff into his office and "began reading off of the Juvenile Dependency Petition and Detention report, reading off the false allegations," and then informed Plaintiff she would "have to attend 2 to 3 AA meetings per week and get a hair follicle test." (*Id.*) Plaintiff alleges she took a drug test at the office and passed, but Defendant Ballasch nonetheless "completed recommendations and without a basis, that [Plaintiff] attend 2 to 3 AA meetings per week, get a hair follicle test," and "never noting that [Plaintiff] took a urine test that was clean[.]" (*Id.* at 12–13.) Defendant Wilbur also "created a referral to individual and family counseling . . . with no specified reason." (*Id.* at 13.)

Plaintiff alleges that in January 2018, Defendants Wilbur and Ballasch "filed" the "AOD Referral with fabricated recommendations and without a basis" that was used "to substantiate . . . that [Plaintiff] had an alcohol abuse disorder." (*Id.*) Plaintiff "submitted Objections and Corrections to the social workers to correct their reports with documents, phone records, signed letters, one from [Plaintiff's] mother showing that the social workers were lying." (*Id.*) Plaintiff alleges she emailed "Stanislaus County Counsel" to "point[] out that they were lying, and that [Plaintiff] would report [the Stanislaus County attorney] to the state bar . . . for misleading the Judge and for perjury[.]" (*Id.*) Plaintiff alleges the attorney for Stanislaus County instead "went before the court and stated [Plaintiff] threatened her, made a show in front of the court as if I were dangerous and considered a restraining order. This was to intimidate [Plaintiff]." (*Id.*) Plaintiff alleges Defendant Harwell, "the Director," received copies of Plaintiff's "filed reports, yet she did nothing about it." (*Id.*)

Plaintiff alleges that "the social workers" never conducted an "in person investigation with [Plaintiff]" and "intentionally avoided [Plaintiff], refused to investigate their wrongdoings, perjured themselves, lied to the court and egregiously blamed [Plaintiff] for their lack of actions and wrongful conduct, and put [Plaintiff] through a living hell." (*Id.*) Plaintiff states that "the social workers'" conduct "amounted to kidnapping, extortion, and cruel mental torture." (*Id.* at 14.)

**B. Legal Standards**

**1. Shotgun Pleading**

A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, No. 2:14-cv-00037-TLN-AC, 2014 WL 579365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted). This violates Rule 10 of the Federal Rules of Civil Procedure, which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and Rule 8, which requires that the complaint contain a "short and plain statement" of entitlement to relief.

Here, as set forth below, Plaintiff may be able to allege cognizable claims against certain defendants, but the major deficiency with the complaint as currently pleaded is that it is an impermissible "shotgun" pleading. Plaintiff's complaint alleges various claims but does not state which claim is alleged against which defendant, and which facts in her addendum to the complaint relate to which claim or which defendant. This is not permissible because it does not give Defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2). In any amended complaint, **Plaintiff must separate her claims, state which claim is against which defendant, the legal basis for the claim, and the facts that support and show that the specific defendant committed the violation asserted as the legal basis for the claim.** *See* **Fed. R. Civ. P. 8(a).**

**2. Immunity**

Plaintiff purports to allege claims against Defendants Laura Rodriguez, Kimberly Rodriguez, Marina Wilbur, Phillip Ballasch, and Melissa Maddox in their individual capacities and their "official capacities" as social workers employed by Stanislaus County. (*See* Doc. 1 at 8.)

Social workers are absolutely immune from civil liability for claims concerning their

6

"discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008) (quoting *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003)); *see also Meyers v. Contra Costa Cty. Dep't of Soc. Serv.*, 812 F.2d 1154, 1157 (9th Cir. 1987). The immunity "covers the official activities of social workers only when they perform quasi-prosecutorial or quasi-judicial functions in juvenile dependency court." *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017). Social workers may have absolute immunity when discharging functions that are "critical to the judicial process itself." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008). "[S]ocial workers are not afforded absolute immunity for their investigatory conduct, discretionary decisions or recommendations." *Tamas v. Dep't of Social & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010). In those instances, only qualified, not absolute, immunity is available. *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003). Examples of such discretionary decisions include "decisions and recommendations as to the particular home where a child is to go or as to the particular foster parents who are to provide care." *Id.*

Here, Plaintiff only briefly mentions Defendant Maddox, and states that she received unspecified emails from Plaintiff, but Plaintiff's complaint does not plead adequate facts from which the Court can determine whether Defendant Maddox's activities were quasi-prosecutorial or quasi-judicial in nature, which would entitle her to absolute immunity from liability for Plaintiff's claims; or investigative or discretionary functions, to which qualified immunity would apply; or neither.[1]

As to Defendants Laura Rodriguez, Kimberly Rodriguez, Wilbur, and Ballasch, Plaintiff's allegations appear to mostly center around their conduct in preparing and filing reports with the court. *See Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir. 1991) (social workers entitled to absolute immunity for functions including advocacy to the decisionmaker and execution of court orders). Some of the investigative conduct described in the complaint may be covered only by qualified immunity, *Miller*, 335 F.3d at 898, but Plaintiff's complaint is not sufficiently detailed for

---

[1] Plaintiff also mentions Defendant Kathryn Harwell in only one sentence, stating: "Kathryn Harwell, the Director, received copies of my filed reports, yet she did nothing about it." (Doc. 1 at 13.) This is insufficient to state a claim under any legal theory; Plaintiff must provide more context and specific facts supporting a claim against Defendant Harwell.

the Court to ascertain if any of the Defendants' conduct is not barred by immunity, and it is not clear that the investigative conduct described would not be protected by absolute immunity. *See Khai v. County of Los Angeles*, 730 F. App'x 408, 410 (9th Cir. 2018); *Caldwell*, 928 F.2d at 332 (stating that any activity "under the supervision of a court," aiding in "the preparation or presentation of a case to the juvenile court," or "taken in connection with or incident to ongoing child dependency proceedings," is protected by absolute immunity).

However, Plaintiff's claims that certain defendants "fabricated evidence" and committed "perjury" in connection with juvenile dependency proceedings may be cognizable and not barred by absolute immunity. *See Hardwick v. County of Orange*, 844 F.3d 1112, 1116 (9th Cir. 2017) (social workers are "not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury[.]") (quoting *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008)). However, Plaintiff must plead sufficient facts for the Court to ascertain which defendant "fabricated evidence," what the specific evidence was that the defendant fabricated, and whether any allegedly false written statement the defendant gave was signed under penalty of perjury. *See* Fed. R. Civ. P. 8(a)(2). For example, Plaintiff does not specify with sufficient detail who wrote what, if any, portion of each of the multiple reports mentioned in the complaint, who signed each report, and who submitted each report to what entity. (*See, e.g.,* Doc. 1 at 12 ("they" made certain representations "in court paperwork"), 13 ("they repeatedly stated in court paperwork").

In any amended complaint, Plaintiff must clearly set forth the specific facts that support the specific claims *against each Defendant*. *See* Fed. R. Civ. P. 8(a)(2). Accordingly, Plaintiff may amend her claims against Defendants Laura Rodriguez, Kimberly Rodriguez, Marina Wilbur, Phillip Ballasch, and Melissa Maddox to attempt to state a claim that would not be barred by absolute immunity.

### 3. Section 1983

It appears that Plaintiff is seeking to address purported violations of her civil rights by attempting to assert claims pursuant to Section 1983, which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Section 1983 provides

8

in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). A plaintiff must further demonstrate that each defendant personally participated in the deprivation of his or her rights. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Plaintiff must clearly identify which defendant(s) he believes are responsible for each violation of his constitutional rights and the supporting factual basis, as his complaint must put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### a. "Official Capacity"

As noted above, Defendants Harwell, Laura Rodriguez, Kimberly Rodriguez, Wilbur, Ballasch, and Maddox are named as defendants in their "official capacities." § 1983 claims against government officials in their official capacity "are really suits against the government employer because the employer must pay any damages awarded. In such, the real party in interest is the entity for which the official works." *Contreras, ex rel. Contreras v. Cty. of Glenn*, 725 F. Supp. 2d 1157, 1159–60 (E.D. Cal. 2010) (citation omitted). *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity."). Thus, for Defendants Harwell, Laura Rodriguez, Kimberly Rodriguez, Wilbur, Ballasch, and Maddox, sued in their official capacity, the real party in interest is the entity for which they work. However, it is unclear which Defendant works for which entity, except that Defendant Laura Rodriguez is alleged

9

to work for Defendant Stanislaus Community Services Agency. (*See* Doc. 1 at 10.)

Where, as here, a plaintiff has sued both an employee in his/her official capacity and sued his/her employer, the individual capacity suit is dismissed as redundant. *See Contreras,* 725 F. Supp. 2d at 1160; *Enriquez v. City of Fresno*, No. CV F 10-0581 AWI DLB, 2010 WL 2490969, at *5 (E.D. Cal. June 16, 2010). Accordingly, Plaintiff's claims against Defendants Harwell, Laura Rodriguez, Kimberly Rodriguez, Wilbur, Ballasch, and Maddox in their official capacity, to the extent those Defendants work for Defendants Stanislaus County, Stanislaus County Community Services Agency, and Stanislaus County Behavioral Health & Recovery Services, are redundant and therefore not cognizable. *See Santos v. County of Los Angeles*, 299 F. Supp. 2d 1070, 1078 (C.D. Cal. Jan. 6, 2004) ("[P]laintiff has not identified any municipal policy or custom that defendants allegedly followed in causing her injury; therefore, plaintiff's claims against defendant County and defendant social workers in their official capacities must be dismissed."). The Court will grant Plaintiff leave to amend her complaint to attempt to state claims under § 1983 against Defendants Harwell, Laura Rodriguez, Kimberly Rodriguez, Wilbur, Ballasch, and Maddox in only their individual capacities that are not barred by immunity.

### b. Fourteenth Amendment—Due Process

Plaintiff appears to allege that her "due process" rights were violated in the context of juvenile dependency proceedings relating to her daughter. (*See* Doc. 1 at 4.) Plaintiff alleges Defendants violated her due process rights by (1) violating her "right to familial association" and (2) by violating her right to be "free from acts of dishonesty in juvenile court proceedings," specifically by committing "perjury," "fabrication of evidence," and "suppression of exculpatory evidence." (*See id.*)

Parents have a constitutionally protected liberty interest in the care and custody of their children. *See Santosky v. Kramer,* 455 U.S. 745, 753 (1982). A parent "may state a cause of action under [Section] 1983 when she alleges that the state terminated her parent-child relationship without due process of law." *Smoot v. City of Placentia*, 950 F. Supp. 282, 283 (C.D. Cal. 1997). The Ninth Circuit has generally characterized the right to familial association as a liberty right under the Due Process Clause of the Fourteenth Amendment. *Lee v. City of Los Angeles*, 250 F.3d 668, 685–86

(9th Cir. 2001); *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) ("Parents and children have a well-elaborated constitutional right to live together without governmental interference. . . . That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."). *See also Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (explaining constitutional standards for evaluating claims based upon removal of children).

Here, Plaintiff pleads that her daughter was removed without an "in person investigation" and that the court filings were "perjured" and "falsified." (*See* Doc. 1 at 10–13.) Plaintiff fails to plead sufficient facts, however, to demonstrate Plaintiff was not accorded the due process rights of notice and an opportunity to be heard in the proceeding. *See Kirk v. I.N.S.*, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural due process requires adequate notice and an opportunity to be heard."). Nor are there sufficient facts alleging "reckless, intentional and deliberate acts and omissions of defendants" constituting an "unwarranted interference" with the rights of family members. *Cf. Lee*, 250 F.3d at 685–86.

As stated above, however, Plaintiff may be able to plead facts sufficient as to certain individual defendants that they "fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury," but she must be more specific about which defendant committed each specific act and the details of what each defendant did. *See Hardwick*, 844 F.3d at 1116. Plaintiff is granted leave to amend to attempt to state a claim for violation of her due process rights that is not barred by immunity.

          **c.**      **Entity Defendants**

Plaintiff names Stanislaus County, Stanislaus County Community Services Agency and Stanislaus County Behavioral Health & Recovery Services as defendants. Municipal departments, however, are not appropriate defendants in a § 1983 suit. As set forth above, under § 1983 only a "person" acting under color of law may be sued for claims. The term "persons" under § 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–996 (N.D. Cal.1996). But "persons" does not include municipal

departments. *Id.* "[N]aming a municipal department as a defendant is not an appropriate means of pleading a [Section] 1983 action against a municipality." *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991). *See also, e.g., Stoll. v. Cty. of Kern*, No. 1:05-CV-01059 OWW SMS, 2008 WL 4218492, at *5 (E.D. Cal. Sept. 8, 2008) (dismissing from suit the defendant Kern County Welfare Department, a municipal department of the defendant County of Kern). The Court will provide Plaintiff with the legal standard applicable to a claim under § 1983 brought against Stanislaus County. *See id.*

There is no *respondeat superior* liability under § 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against Stanislaus County merely because that entity employed any alleged wrongdoers, as Plaintiff appears to plead.

Local governments, such as Stanislaus County, are "persons" subject to liability under § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636–68.

Plaintiff is granted leave to amend to attempt to allege a § 1983 claim against Stanislaus County. Plaintiff must be careful to allege the specific policy, custom or practices that she contends give rise to liability.

### 4. State Law Claims

#### a. Government Claims Act

Plaintiff appears to allege claims for "slander" and "libel" in addition to her due process claims. (*See* Doc. 1 at 4.) However, Plaintiff has failed to allege necessary compliance with the California Government Claims Act.

Under the California Government Claims Act ("CGCA"),[2] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the tort claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal. App. 4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn. omitted).

Federal courts likewise must require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995). State tort claims included in a federal action filed pursuant to Section 1983 may proceed

---

[2] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles Cty.*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Plaintiff fails to allege facts to demonstrate her compliance with the CGCA, so as to be allowed to pursue claims for slander or libel against Defendants.

### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117–18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). If Plaintiff has complied with the CTCA, jurisdiction over her claims under California law will only be exercised by this Court as long as she has federal claims pending.

### III. CONCLUSION AND ORDER

As noted above, the Court will provide Plaintiff with an opportunity to amend her claims and cure, to the extent possible, the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint;
2. Within twenty-one (21) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **January 14, 2020**　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE